IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DENNIS RUSSELL MCCURDY II,<br><br>  Plaintiff,<br><br>v.<br><br>PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.,<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Dennis Russell McCurdy II ("Plaintiff" or "Mr. McCurdy"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Phoebe Putney Memorial Hospital, Inc., ("Defendant") for violations of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq..

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that they had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding their request for FMLA. During all times relevant hereto, Defendant has employed fifty or more

employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Dawn Benson, located at 417 Third Avenue, Albany, GA, 31701, USA.

### FACTUAL ALLEGATIONS

8.

Plaintiff began working for Defendant on or about August 23, 2021, as a Radiology Imaging Manager.

9.

On or around September 1, 2022, Mr. McCurdy had surgery and requested FMLA leave for time needed to recover.

10.

His doctor advised that he would need six weeks to recover.

11.

Mr. McCurdy took leave for about two weeks, from September 1 through September 16.

12.

On or around September 19, 2022, Defendant held a meeting with Mr. McCurdy to inform him that an audit of his computer usage showed that he had viewed his own medical record in the radiology pack system which was grounds for termination.

13.

On the same day, another employee complained to Defendant about Mr. McCurdy parked and he reported to Defendant's Human Resources that the employee was harassing him.

14.

On or around September 22, 2022, Mr. McCurdy decided to take the remainder of his FMLA leave to finish recovering from his surgery.

15.

Later that evening, he received an email to his personal email address from his Director, which included a screenshot of their text message exchange discussing his MRI results and other confidential medical information.

16.

Mr. McCurdy reported the email as a HIPAA violation to Defendant's head of compliance and CEO but they said it was not a HIPAA violation.

17.

On November 28, 2022, the day his FMLA leave ended, Defendant called him into a meeting, and Mr. McCurdy was terminated.

18.

During the meeting, Mr. McCurdy asked Defendant why he was being terminated but Defendant did not provide a reason.

19.

When Mr. McCurdy received the separation notice from Defendant, it stated that the reason for termination as "did not meet expectations/not a good fit."

20.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by terminating his employment while he was on medical leave for his own serious health condition.

21.

Defendant retaliated against Plaintiff for requesting medical leave by terminating his employment as a result of needing FMLA leave.

22.

Others outside the Plaintiff's protected class, i.e. employees not needing and/or requesting FMLA leave, were treated differently.

## CLAIMS FOR RELIEF

## COUNT I: FMLA RETALIATION

23.

Plaintiff re-alleges paragraphs 8-22 as if set forth fully herein.

24.

Defendant is an 'employer' as defined by the FMLA.

25.

Plaintiff was an eligible employee under the FMLA.

26.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding their request for medical leave pursuant to the FMLA.

27.

Plaintiff was employed by Defendant for more than 12 months.

28.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

29.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

30.

Plaintiff had a medical condition that required Plaintiff to take time off work.

31.

Plaintiff had a serious medical condition as defined by the FMLA.

32.

Defendant received notice of Plaintiff's need for protected medical leave for his medical condition on or about August 23, 2022.

33.

Defendant terminated Plaintiff's employment because of his request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

34.

Defendant's termination of Plaintiff's employment was causally related to his attempt to exercise his rights to protected medical leave pursuant to the FMLA.

35.

Defendant's termination of Plaintiff's employment constitutes unlawful retaliation against Plaintiff for exercising his rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

36.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

(f) All other relief to which he may be entitled.

**[SIGNATURE ON NEXT PAGE]**

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff Dennis Russell McCurdy II*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com